## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DSP Acquisition, LLC,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　) 　　Civil Action Nos. 3:14cv303–HEH
　　　　　　　　　　　　　　　　　　) 　　and 3:14cv304–HEH
Free Lance-Star Publishing Co.　　　　)
of Fredericksburg, VA and Official　　　)
Committee of Unsecured Creditors　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellees.　　　　　　)

## MEMORANDUM OPINION
### (Emergency Motion to Expedite and Motion to Strike)

This matter is before the Court on Appellant DSP Acquisition, LLC's ("DSP")

Amended Emergency Motion for Expedited Consideration of its Motion for Certification

and for Leave to Appeal and the Appeals from the Orders Pursuant to 28 U.S.C. §

158(d)(2) (ECF No. 24 in Case No. 3:14cv303 and ECF No. 24 in Case No. 3:14cv304),

filed on April 25, 2014. The Free Lance Star-Publishing Co. of Fredericksburg, Va, *et. al*

("Debtors") filed an Answer and Opposition to DSP's Motion[1] on April 25, 2014.[2] Also

before the Court is the Joint Motion of the Debtors and the Official Committee of

---

[1] The Official Committee of Unsecured Creditors of the Free Lance-Star Publishing Co. of
Fredericksburg, Va, *et al.* filed an Answer and Opposition as well, but this document has not
been designated on appeal, and therefore, is not before the Court.

[2] The ECF filing numbers associated with DSP's Motion and Debtors' Answer and Opposition
do not reflect their filing dates. DSP's Motion was originally filed with the U.S. Bankruptcy
Court for the Eastern District of Virginia on April 15, 2014 and the Answer and Opposition was
filed on April 24, 2014. All of these documents were designated to this Court on appeal on April
25, 2014. The Clerk of Court later refiled these two documents in separate ECF filings to clarify
which filings include pending matters before this Court.

Unsecured Creditors of the Free Lance-Star Publishing Co. of Fredericksburg, Va, *et al.*

("the Committee") (collectively "Appellees") to Strike Verified Reply of DSP (ECF No.

22 in Case No. 3:14cv303 and ECF No. 23 in Case No. 3:14cv304), filed on April 28,

2014. The time for DSP to file a response to Appellees' Motion has not yet expired.[3] In

the interest of resolving this matter quickly and in advance of the May 15, 2014 auction,

this Court exercises its discretion to decline oral argument. For the reasons that follow,

the Court denies DSP's Motion and Appellees' Motion.

## I.     Background

The U.S. Bankruptcy Court for the Eastern District of Virginia ("the Bankruptcy

Court") issued three opinions and accompanying orders on April 14, 2014 (collectively

"the Bankruptcy Court opinions"). In one of the opinions, the Bankruptcy Court denied

DSP's Motion for Summary Judgment and granted partial summary judgment in favor of

the Debtors on their Cross Motion for Summary Judgment. In that opinion, the

Bankruptcy Court ruled that DSP does not have a valid perfected security interest in all of

the assets upon which it claims such interest. *DSP Acquisition, LLC v. Free Lance-Star

Publ. Co. (In re Free Lance-Star Publ. Co.)*, 2014 Bankr. LEXIS 1644 at *27-28 (Bankr.

E.D. Va. Apr. 14, 2014). The Bankruptcy Court did not reach the questions of which

parties own which liens and the amount of those liens.

In an associated April 14, 2014 opinion, the Bankruptcy Court found that DSP

engaged in inequitable conduct when it urged the Court "to grant it liens on" assets over

---

[3] It is moot that DSP has not had a chance to respond to Appellees' Motion because the Court is
denying the Motion.

which it knew "it did not have a valid lien," but nonetheless had recorded such liens in its

Financing Statements. *In re Free Lance-Star Publ'g Co., 2014 Bankr.* LEXIS 1611 at

*21-22 (Bankr. E.D. Va. Apr. 14, 2014). After assessing the uncontroverted evidence,

particularly that pertaining to limitation on DSP's credit bid (and the method for doing

so), the Bankruptcy Court ruled that DSP's credit bid would be "limited to $1,200,000 for

assets related to the Debtors' radio business on which DSP has a valid, properly perfected

lien and $12,700,000 for assets related to the Debtors' newspaper and printing business

on which DSP has a valid, properly perfected lien." *Id.* at *24, 26-27. In support of this

decision, the Bankruptcy Court emphasized "[t]he confluence of (i) DSP's less than fully-

secured lien status; (ii) DSP's overly zealous loan-to-own strategy; and (iii) the negative

impact DSP's misconduct has had on the auction process [which] has created the perfect

storm, requiring curtailment of DSP's credit bid rights." *Id.* at *25.

In the third of the April 14, 2014 opinions, the Bankruptcy Court denied DSP's

Emergency Motion for Reconsideration of the Court's March 24, 2014 ruling that

excluded certain documentary evidence submitted during the hearing on DSP's Motion

for Summary Judgment. *DSP Acquisition, LLC v. Free Lance-Star Publ. Co. (In re Free

Lance-Star Publ. Co.)*, 2014 Bankr. LEXIS 1643 at *15-16 (Bankr. E.D. Va. Apr. 14,

2014).

DSP now seeks this Court's review of the following Bankruptcy Court decisions:

(1) denial of DSP's motion for summary judgment, (2) grant of partial summary

judgment in favor of the Debtors on their cross-motion for summary judgment, (3) limit

of the extent and validity of DSP's liens and limit of DSP's credit bid, and (4)

3

establishment of the amount of DSP's allowable credit bid.  (DSP Mot. at 3.)  DSP

requests consideration of these issues in advance of an auction of Debtors' assets that is

scheduled for May 15, 2014.  DSP brings its Motion pursuant to Federal Rules of

Bankruptcy Procedure 8011(d) and 8019.  Federal Rule of Bankruptcy Procedure 8011(d)

allows for the expedited consideration of an emergency motion "to avoid irreparable

harm."  Federal Rule of Bankruptcy Procedure 8019 permits the district court to suspend

procedural rules governing appeals "[i]n the interest of expediting decision or for other

cause."  Debtors oppose DSP's Motion by refuting DSP's arguments under Federal Rule

of Bankruptcy Procedure 8011 and by further addressing the typical issues considered in

an interlocutory appeal—finality and the elements required to justify consideration of

such an appeal.

## II.   Analysis

### A.   Irreparable Harm Under Fed. R. Bankr. P. 8011(d)[4]

DSP argues that the issues it wishes to appeal are at the heart of the Debtors' sale

process and the upcoming May 15, 2014 auction, and, thus, these issues must be resolved

prior to the auction.  If the issues are not resolved in advance, DSP contends it will be

permanently deprived of its right to appellate review, irreparable harm will occur, and the

integrity of the sales process (the efficiency of the process and the certainty of what

assets are properly subject to sale) will be jeopardized.

---

[4] Debtors argue that DSP did not comply with Fed. R. Bankr. P. 8011(d) because they did not
specifically state in their Motion that all avenues in support of its requested relief to avoid
irreparable harm were first presented to the Bankruptcy Court.  This Court does not find DSP's
possible failure to comply with Fed. R. Bankr. P. 8011(d) significant and will address DSP's
arguments regardless of the fact that it did not seek a stay or may not have made the required
statement in its Motion.

As more fully discussed *infra,* the Court agrees with Debtors that there is no risk of irreparable harm if the issues are not resolved before the auction because there is no pending issue regarding the assets subject to sale and the Bankruptcy Court will determine who receives the proceeds (and how much) *after* the sale. Thus, if the Bankruptcy Court determines that the amount of DSP's credit bid was incorrect, it can accordingly adjust the payment to DSP at a later stage of the proceedings.

B.      Finality of the Bankruptcy Court's Opinions

Even if there were an arguable risk of irreparable harm, there is a competing risk to the progression of the litigation if this Court were to consider an interlocutory appeal. Under 28 U.S.C. § 158(a)(1), "a district court for the judicial district in which the bankruptcy judge is serving" has mandatory jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy judge. While "district courts should be pragmatic in their interpretation of finality in bankruptcy cases because of the protracted nature of the proceedings . . . 'the general antipathy toward piecemeal appeals still prevails in individual adversary actions . . . [and] inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields.'" *Hybrid Tech Holdings, LLC v. Official Comm. of Unsecured Creditors of Fisker Auto. Holdings, Inc. (In re Fisker Auto. Holdings),* 2014 U.S. Dist. LEXIS 15497 at *7-8 (D. Del. Feb. 7, 2014) (internal citations omitted).

Because the Bankruptcy Court's opinions did not dispose of the adversary and core proceedings pending in the Bankruptcy Court, the Court is of the opinion that they are interlocutory.

This case is strikingly similar to *Hybrid Tech Holdings, LLC*, where the U.S. District Court for the District of Delaware denied an Emergency Motion for Leave to Appeal Decision Limiting Credit Bid. *Id.* at *1. The court determined that the bankruptcy court's decision to limit the secured lender's credit bid was interlocutory because the secured lender would still have a remedy if the emergency motion were denied because the secured lender "could then either receive a cash return of the difference between the full credit entitled, or if a third-party bidder won the auction, [the secured lender] could receive its entitlement out of the cash paid by this party." *Id.* at *12. The court in *Hybrid Tech Holdings, LLC* further found that the secured lender's rights had not been fully adjudicated because "there is much work left for the Bankruptcy Court" and "[a]s case law establishes, a bankruptcy order that requires further development to fully dispose of the issues is not final." *Id.* at *13 (citing *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008)).

Similarly, the Bankruptcy Court's opinions in the case at bar are not dispositive. Who has liens, the amounts of those liens, the full extent of DSP's liens, and other issues remain to be determined. The trial in the underlying adversary proceeding and the upcoming auction will move forward regardless of the final disposition of the matters addressed in Bankruptcy Court's opinions. Accordingly, this Court finds that the Bankruptcy Court's opinions are not final, and will now turn to whether it is appropriate to grant leave for an interlocutory appeal.

C.    Interlocutory Appeals

28 U.S.C. § 1292 governs interlocutory appeals, generally, and should be applied

by a district court in determining whether to grant an interlocutory appeal of a bankruptcy

order. *See KPMG Peat Marwick, L.L.P. v. Estate of Nelco*, 250 B.R. 74, 78 (E.D. Va.

2000). 28 U.S.C. § 1292 essentially provides that leave to appeal an interlocutory order

should only be granted when (1) the order involves a controlling question of law, (2) for

which there is substantial grounds for a difference of opinion, and (3) immediate appeal

of the order would materially advance the termination of the litigation. 28 U.S.C. §

1292(b); *In re Swyter*, 263 B.R. 742, 749 (E.D. Va. 2001); *see KPMG*, 250 B.R. at 78. In

addition, the party seeking to appeal an interlocutory order must show "that exceptional

circumstances justify a departure from the basic policy of postponing appellate review

until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463,

475 (1978). Further, the Fourth Circuit has stated that "[28 U.S.C.] § 1292(b) should be

used sparingly and thus that its requirements must be strictly construed." *Myles v.

Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

The issues DSP wishes to appeal in this case turn on the following threshold

questions: whether the Bankruptcy Court erred in (1) limiting the extent and validity of

DSP's liens, and (2) limiting DSP's credit bid to its valid liens. These threshold

questions do not hinge on a controlling question of law. "The Fourth Circuit has stated

regarding the term 'controlling question of law' that 'certainly the kind of question best

adapted to discretionary interlocutory review is a narrow question of pure law whose

resolution will be completely dispositive of the litigation, either as a legal or practical

7

matter, whichever way it goes.'" *KPMG Peat Marwick, L.L.P. v. Estate of Nelco*, 250 B.R. 74, 78 (E.D. Va. 2000) (quoting *Fannin v. CSX Transp. Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished)).  DSP has not shown that there is a "narrow question of pure law whose resolution will be completely dispositive of the litigation." *Id.*

Moreover, in the comparable case of *Hybrid Tech Holdings, LLC*, the court was not convinced that the secured lender established the factors required to justify an interlocutory appeal.  2014 U.S. Dist. LEXIS 15497 at *14.  Specifically, it found that there was no controlling question of law as to which there is substantial grounds for difference of opinion – given that the Third Circuit has expressly "recognized that one of the reasons for which a Bankruptcy Court may deny a lender the right to credit bid is the exact reason that the Bankruptcy Court in the instant case cited in its order – 'to foster a competitive bidding environment.'" *Id.* at *16 (quoting the opinion from the bankruptcy court in that case).  Similarly, the Bankruptcy Court here not only sought "a robust and competitive bidding environment" at the auction, *In re Free Lance-Star Publ'g Co.*, 2014 *Bankr.* LEXIS 1611 at *26, but also a *preliminary* resolution of the extent of some of DSP's liens[5] that would allow the auction to move forward.

---

[5] The Bankruptcy Court has only addressed the extent of DSP's liens in part – for the purpose of appropriately determining DSP's credit bid at the auction.  The Bankruptcy Court specifically held that

> DSP does not have valid, properly perfect liens on or security interests in the Debtors' Tower Assets, motor vehicles, FCC licenses, insurance policies, or bank account deposits.  DSP's lien on general intangibles does not give it a lien on the proceeds derived from a sale of assets under 11 U.S.C. § 363 on which assets it

Obviously, without a controlling question of law affected by the appeal, there cannot be substantial grounds for a difference of opinion on that legal issue. Assuming *arguendo* that the Bankruptcy Court made a legal error in invalidating particular lien rights, these determinations were not dispositive. In addition to the reasons discussed *supra*, the fact that the adversary proceeding is continuing after summary judgment shows that the disposition of that motion will not fully determine DSP's rights.

Furthermore, there would be neither material advancement of the ultimate termination of the litigation nor savings of judicial or estate resources if the interlocutory appeals were granted. The Court adopts the well reasoned material advancement analysis in the analogous case of *Hybrid Tech Holdings, LLC*. In that case, the court concluded there was no evidence that the capping of the secured lender's credit bid is an issue that "must be resolved in order for the sale of the Debtors' assets to proceed," and, thus

> there is no reason why the auction contemplated by the Committee and the Bankruptcy Court cannot proceed with [the secured lender] bidding alongside other parties and [the secured lender] receiving a cash adjustment should the Bankruptcy Court ultimately decide [the secured lender's credit bid should not have been capped. The fact that [the secured lender] can be reimbursed out of the proceeds of the auction should the Bankruptcy Court ultimately decide that [the secured lender's] credit bid should not have been capped weighs against permitted the interlocutory appeal.

---

> does not have valid, properly perfected liens. DSP does not have a right to assert a credit bid on assets that do not secure DSP's allowed claim.

*DSP Acquisition, LLC*, 2014 Bankr. LEXIS 1644 at *27-28. The Bankruptcy Court then limited DSP's credit bid accordingly. *In re Free Lance-Star Publ'g Co., 2014 Bankr.* LEXIS 1611 at *26-27.

2014 U.S. Dist. LEXIS 15497 at *17-18. There is simply no reason that the secured creditor here, DSP, cannot seek the same remedy from the Bankruptcy Court, if necessary, after the auction.

Finally, it is clear that DSP has not shown exceptional circumstances justifying an interlocutory appeal and the record suggests none. DSP has not even addressed the presence of such circumstances in its Motion. It is difficult to imagine a compelling argument of exceptional circumstances – given the Bankruptcy Court's finding that DSP engaged in inequitable conduct and that DSP expressly consented to the sales procedures and timeline when its counsel endorsed the Sale Procedures Orders.

### III. Conclusion

In sum, the Court is of the opinion that granting an immediate appeal of the Bankruptcy Court's April 14, 2014 opinions and corresponding orders "is more likely to impede, rather than hasten, resolution of the cases by delaying, for instance, the Bankruptcy Court's ability to resolve the issues remaining." *Id.* at *18. Therefore, the Court exercises its discretion and denies DSP's Motion. In addition, the Court denies Appellees' Motion to Strike Verified Reply of DSP as moot because consideration of the documents previously excluded by the Bankruptcy Court would not change the Court's determination that the Bankruptcy Court's opinions are not final and the issues raised do not merit interlocutory appeal.

An appropriate Order will accompany this Memorandum Opinion.

                                                 /s/

                                        Henry E. Hudson
                                        United States District Judge

Date: May 7 2014
Richmond, Virginia

11